**DOLL AMIR & ELEY LLP**
MICHAEL M. AMIR (SBN 204491)
mamir@dollamir.com
JASON B. BAIM (SBN 179377)
jbaim@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Plaintiff
IP GLOBAL INVESTMENTS AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP GLOBAL INVESTMENTS AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BODY GLOVE IP HOLDINGS, LP, a Delaware organization; MARQUEE BRANDS, LLC, a Delaware organization; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 17-cv-06189-ODW(AGRx)<br><br>**PLAINTIFF IP GLOBAL INVESTMENTS AMERICA, INC.'S ANSWER TO COUNTERCLAIMS** |

## ANSWER TO COUNTERCLAIMS

Plaintiff/Counter-Defendant IP GLOBAL INVESTMENTS AMERICA, INC ("IP Global"), by and through its counsel, hereby submits this Answer to the Counterclaims filed by Defendants/Counter-Claimant Body: Glove IP Holdings, LP ("Body Glove"). All of IP Global's responses are made on the basis of personal knowledge with respect to itself and on information and belief with respect to any other person or entity. Each paragraph and heading herein responds to the corresponding heading and numbered paragraph of Body Glove's Counterclaim. All allegations in the Counterclaim that are not expressly admitted in this Answer are denied.[1]

## OVERVIEW OF MATTER

1. IP Global admits that Body Glove is an outdoor water sports clothing and product company, and is identifiable by its trademark hand/palm insignia. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 1.

2. IP Global admits that Body Glove has an international presence, and that the approval processes and trademark procedures for Body Glove's licensees have been established in license contracts and through the parties' conduct and performance over the years. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 2.

3. IP Global admits that, for approximately 30 years, IP Global and its predecessors-in-interest have licensed Body Glove's intellectual property in Asia, and that the parties entered into a license agreement (and amendments thereto) which speaks for itself in setting forth the obligations between IP Global and Body Glove in

---

[1] Defendants are not responding to any headings in the Complaint, and, to the extent that a response is required, any allegations contained in plaintiff's headings are denied.

this regard. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 3.

4. IP Global denies, specifically and generally, each and every allegation of paragraph 4.

5. IP Global denies, specifically and generally, each and every allegation of paragraph 5.

6. IP Global denies, specifically and generally, each and every allegation of paragraph 6.

7. IP Global admits that, through its Counter-Claims, Body Glove seeks the relief set forth in its Counterclaim. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 7.

## THE PARTIES AND GENERAL ALLEGATIONS

8. IP Global admits the allegations of paragraph 8.

9. IP Global admits the allegations of paragraph 9.

10. IP Global has neither sufficient information nor belief on which to base a response to the allegations of paragraph 10, and on that ground, denies, generally and specifically, each and every averment contained therein.

11. IP Global responds that these are legal conclusions not subject to admission or denial.

12. IP Global denies, specifically and generally, each and every allegation of paragraph 12, and further responds that such paragraph contains legal conclusions not subject to admission or denial regarding excuse or waiver.

## JURISDICTION AND VENUE

13. IP Global responds that these are legal conclusions not subject to admission or denial.

14. IP Global responds that these are legal conclusions not subject to admission or denial.

15. IP Global responds that these are legal conclusions not subject to admission or denial.

## FACTUAL BACKGROUND

16. IP Global has neither sufficient information nor belief on which to base a response to the allegations of paragraph 16, and on that ground, denies, generally and specifically, each and every averment contained therein.

17. IP Global admits that Body Glove has established an international presence, and that Body Glove has licensees in other parts of the world. Except as specifically admitted, IP Global has neither sufficient information nor belief on which to base a response to the allegations of paragraph 17, and on that ground, denies, generally and specifically, each and every averment contained therein.

18. IP Global admits that Body Glove has a licensing program, and licensees adhere to certain established standards, procedures and approval processes. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 18.

19. IP Global admits that it has been a licensee of Body Glove in certain countries of Asia for approximately thirty years. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 19.

### The 1988 License Agreement and IP Global's Breach

20. IP Global admits that its license agreement with Body Glove (as amended) speaks for itself. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 20.

21. IP Global admits that its license agreement with Body Glove (as amended) speaks for itself. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 21.

22. IP Global admits that its license agreement with Body Glove (as amended) speaks for itself. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 22.

23. IP Global admits that its license agreement with Body Glove (as amended) speaks for itself. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 23.

24. IP Global admits that its license agreement with Body Glove (including amendments) speaks for itself. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 24.

25. IP Global denies, specifically and generally, each and every allegation of paragraph 25.

26. IP Global denies, specifically and generally, each and every allegation of paragraph 26.

27. IP Global denies, specifically and generally, each and every allegation of paragraph 27.

28. IP Global admits that Body Glove alleges that it is reserving its right to amend its Counter-Claims, to the extent appropriate, or pursue other relief. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 28.

## FIRST CLAIM FOR RELIEF

**(Breach of 1988 Licensing Agreement Against All Defendants)**

29. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-28 above as its response to paragraph 29.

30. IP Global admits that its license agreement with Body Glove (including amendments) speaks for itself, and further responds that paragraph 30 contains legal conclusions not subject to admission or denial. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 30.

31. IP Global denies, specifically and generally, each and every allegation of paragraph 26 and paragraph 31.

32. IP Global denies, specifically and generally, each and every allegation of paragraph 32.

33. IP Global denies, specifically and generally, each and every allegation of paragraph 33.

34. IP Global denies, specifically and generally, each and every allegation of paragraph 34.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing Against All Defendants)**

35. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-34 above as its response to paragraph 35.

36. IP Global responds that these are legal conclusions not subject to admission or denial.

37. IP Global denies, specifically and generally, each and every allegation of paragraph 37.

38. IP Global denies, specifically and generally, each and every allegation of paragraph 38.

39. IP Global denies, specifically and generally, each and every allegation of paragraph 39.

40. IP Global denies, specifically and generally, each and every allegation of paragraph 40.

## THIRD CLAIM FOR RELIEF

**(Preliminary and Permanent Injunctive Relief Against All Defendants)**

41. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 41.

42. IP Global denies, specifically and generally, each and every allegation of paragraph 42.

43. IP Global denies, specifically and generally, each and every allegation of paragraph 43.

## FOURTH CLAIM FOR RELIEF

## (Declaratory Relief Against All Defendants)

44. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 44.

45. IP Global admits that the parties' license agreement remains effective. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 45.

46. IP Global denies that Body Glove is entitled to any of the relief requested in paragraph 46.

47. IP Global admits that the parties' license agreement speaks for itself, and denies that Body Glove is entitled to any of the relief requested in paragraph 47. IP Global further responds that seeking any form of damages relief in a Declaratory Relief count, as here, is inappropriate and should be stricken.

48. IP Global admits that it is not in breach of the parties' license agreement and not required to pay any amounts identified in Paragraph 19(e) of such agreement. Except as specifically admitted, IP Global denies, specifically and generally, all other allegations of paragraph 48.

49. IP Global denies that Body Glove is entitled to any of the relief requested in paragraph 49, or that any such relief is necessary or appropriate.

## FIFTH CLAIM FOR RELIEF

## (Contributory Trademark Infringement Against All Defendants)

50. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 50.

51. IP Global denies, specifically and generally, each and every allegation of paragraph 51.

52. IP Global denies, specifically and generally, each and every allegation of paragraph 52.

7
IP GLOBAL'S ANSWER TO COUNTERCLAIMS

53. IP Global denies, specifically and generally, each and every allegation of paragraph 53.

54. IP Global denies, specifically and generally, each and every allegation of paragraph 54.

## SIXTH CLAIM FOR RELIEF

**(Infringement of a Registered Trademark Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) Against All Defendants)**

55. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 55.

56. IP Global denies, specifically and generally, each and every allegation of paragraph 56.

57. IP Global denies, specifically and generally, each and every allegation of paragraph 57.

58. IP Global denies, specifically and generally, each and every allegation of paragraph 58.

59. IP Global denies, specifically and generally, each and every allegation of paragraph 59.

## SEVENTH CLAIM FOR RELIEF

**(False Designation 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) Against All Defendants)**

60. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 60.

61. IP Global denies, specifically and generally, each and every allegation of paragraph 61.

## EIGHTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement Against All Defendants)**

62. IP Global incorporates by reference, as though fully set forth herein, its responses to the allegations in paragraphs 1-40 above as its response to paragraph 62.

63. IP Global denies, specifically and generally, each and every allegation of paragraph 63.

64. IP Global denies, specifically and generally, each and every allegation of paragraph 64.

65. IP Global denies, specifically and generally, each and every allegation of paragraph 65.

66. IP Global denies, specifically and generally, each and every allegation of paragraph 66.

67. IP Global denies, specifically and generally, each and every allegation of paragraph 67.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Body Glove to which no response is required. IP Global denies that Body Glove is entitled to any of the requested relief and denies any allegations contained in this paragraph to which a response is required.

IP Global denies each and every allegation of Body Glove's Counterclaims not specifically admitted or otherwise responded to above. IP Global further specifically denies that Body Glove is entitled to any relief whatsoever of any kind against IP Global as a result of any act of IP Global or any person or entity acting on behalf of IP Global.

WHEREFORE, IP Global prays for Judgment as follows:

1. That Body Glove take nothing by virtue of its Counterclaims and be afforded no relief herein;
2. For IP Global's reasonable attorney fees pursuant to the parties' license agreement;
3. For all relief sought by IP Global in its Complaint against Body Glove;
4. For IP Global's costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

## IP GLOBAL'S AFFIRMATIVE DEFENSES

IP Global has alleged additional defenses, as set forth below, to avoid the necessity of needing to amend its answer, though circumstances may arise requiring such amendment, and IP Global reserves the right to do so. IP Global recognizes that, depending upon the development of facts, some of the defenses may ultimately not be applicable. By such pleading, IP Global also intends no alteration of the burden of proof and/or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability or as to whether Body Glove is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Counterclaim fails to state a claim upon which relief can be granted against IP Global.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Body Glove's causes of action are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. Body Glove is barred from obtaining any recovery on the allegations in the Counterclaim by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. Body Glove's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5. Body Glove's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6. Body Glove's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Conditions Under Contract)

7. IP Global is informed and believes, and on that basis alleges, that Body Glove's Counterclaims are barred, in whole or in part, by reason of Body Glove's failure to fully and fairly perform all necessary conditions under the operative licensing agreements.

## EIGHTH AFFIRMATIVE DEFENSE
### (Body Glove's Own Conduct)

8. Damages or injuries, if any, suffered by Body Glove are attributable to Body Glove's own conduct, deeds, words, acts and/or omissions, and not to any conduct, deeds, acts, words or omissions of IP Global.

## NINTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

9. Without waiver of any of the denials contained herein, IP Global asserts that, if Body Glove sustained any damages, which IP Global denies, such damages were proximately caused by the acts or omissions of other persons, entities, firms, or corporations, whether named or unnamed in the Counterclaim.

## TENTH AFFIRMATIVE DEFENSE
### (Proportionate Responsibility)

10. In the event that Body Glove is found to have sustained any damages, then IP Global is only liable or responsible for that portion of damages which corresponds to the degree of its own responsibility and not for the acts or omissions of Body Glove or the acts or omissions of third parties whether named or unnamed in the Counterclaim.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11. Body Glove has failed to exercise reasonable care and diligence to mitigate their alleged claims and damages and, therefore, Body Glove is barred from any and all recovery sought herein as against IP Global.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

12. Body Glove is not entitled to attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

13. Body Glove has suffered no damage as the result of any alleged act, omission, or breach by IP Global as alleged in the Counterclaim.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

14. The Counterclaim, and each and every claim for relief stated therein, is barred because IP Global's alleged actions were performed in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

15. Body Glove's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Excuse)

16. The acts and/or omissions of Body Glove excused any alleged act or alleged failure to act on the part of IP Global.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent)

17. The Counterclaim, and each and every cause of action stated therein, is barred by reason of Body Glove's consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Justifiable Conduct)

18. IP Global's alleged conduct was justified under the circumstances.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

19. Body Glove's claims are barred in that the claims seek excessive damages from IP Global which would result in the unjust enrichment of Body Glove herein.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Pleading Uncertain)

20. The Counterclaim, and each and every cause of action stated therein, is uncertain in that it is vague, ambiguous and unintelligible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Material Breach)

21. Body Glove's claims are barred, in whole or in part, by reason of Body Glove's material breaches of the licensing agreements.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Set-Off)

22. To the extent that Body Glove has any contractual right to damages, and IP Global denies any such right, Body Glove's damages must be reduced or

eliminated by the damages that Body Glove owes to IP Global by way of Body Glove's breaches of the licensing agreement and other actionable conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Speculative Damages)

23. To the extent that Body Glove suffered any damages, which IP Global denies, Body Glove's damages are entirely speculative and non-recoverable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Full Performance)

24. IP Global has appropriately, completely and fully performed and discharged all conditions, covenants, duties, and obligations imposed upon it as to Body Glove, if any, with the exception of those conditions, covenants, duties, and obligations which have been excused, waived or discharged by Body Glove's conduct.

25. IP Global complied with the terms of the Licensing Agreement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Conformity with Laws, Statutes and Regulations, and Industry Standards)

26. IP Global is informed and believe, and on that basis allege, that it has complied with all applicable state and federal laws, statutes and regulations, and industry standards, and therefore cannot be held liable for any alleged damages suffered by Body Glove.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (First Sale)

27. Body Glove's claims are barred, in whole or in part, by the first sale doctrine.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

28. Body Glove's claims are barred, in whole or in part, because any infringement, if any, was innocent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Third Party Use)

29. Body Glove's claims are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

30. The Counterclaim, and each and every cause of action stated therein, is barred to the extent it seeks equitable relief, as Body Glove has an adequate remedy at law, as demonstrated by its prayer for monetary damages in the Counterclaim. IP Global further denies that Body Glove is entitled to such damages.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

31. Body Glove's claims for injunctive relief are barred because Body Glove cannot show that it will suffer any irreparable harm from IP Global's actions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

32. IP Global has not infringed any applicable trademarks under federal or state law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Generic Terms)

33. The claims made in the Counterclaim are barred, in whole or in part, on the basis that some or all marks at issue are generic.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

34. The claims made in the Counterclaim are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

///
///

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Functionality)

35. The claims made in the Counterclaim are barred, in whole or in part, on the basis that any marks at issue are functional.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Abandonment)

36. The claims made in the Counterclaim are barred, in whole or in part, by abandonment of any marks at issue.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

37. Without admitting that the Counterclaim states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reservation)

38. IP Global presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated defenses available. IP Global reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, IP Global prays for Judgment as follows:

1. That the Counterclaim be dismissed with prejudice in its entirety;
2. That Body Glove take nothing reason of its Counterclaims and be afforded no relief herein;
3. That judgment be entered in favor of IP Global;
4. For recovery of IP Global's costs of suit, including its attorneys' fees to the extent recoverable by contract or law;
5. For all relief sought by IP Global in its Complaint against Body Glove; and

6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

IP Global hereby demands a trial by jury of all issues that are so triable.

DATED: January 17, 2018        **DOLL AMIR & ELEY LLP**

By: /s/ Michael M. Amir
    MICHAEL M. AMIR
    JASON B. BAIM

Attorneys for Plaintiff IP Global Investments America, Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067**.

On January 17, 2018, I served the foregoing document described as **PLAINTIFF IP GLOBAL INVESTMNETS AMERICA, INC.'S ANSWER TO COUNTERCLAIM** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2018, at Los Angeles, California.

/s/ Cesar Ramirez
Cesar Ramirez

# SERVICE LIST

Jeffrey F. Gersh
**Stubbs Alderton & Marklies, LLP**
15260 Ventura Blvd., 20th FL
Sherman Oaks, CA 91403
Tel: (818) 444-9222
Fax: (818) 444-9272
E: jgersh@stubbsalderton.com

*Attorneys for Defendants, Body Glove IP; Marquee Brands LLC*