# United States District Court
# Central District of California

IP GLOBAL INVESTMENTS AMERICA, INC.,

    Plaintiff,

v.

BODY GLOVE IP HOLDINGS, LP, and MARQUEE BRANDS LLC

    Defendants.

Case No. 2:17-cv-06189-ODW (AGR)

**ORDER DENYING PLAINTIFF'S SEVENTH CLAIM FOR DECLARATORY RELIEF [184] AND AMENDMENT TO ORDER [159]**

## I. INTRODUCTION

Following a jury trial in which the jury delivered a verdict in favor of Defendants Body Glove IP Holdings, LP and Marquee Brands, LLC (collectively, "Body Glove"), Plaintiff IP Global Investments America, Inc. ("IP Global") requests that the Court determine IP Global's Seventh Claim for Declaratory Relief in its favor. (Request for Determination of Seventh Claim for Declaratory Relief ("Request"), ECF No. 184.)  For the reasons discussed below, the Court **DENIES** IP Global's request.[1] Additionally, for clarity of record, the Court reviews the final disposition of all claims and counterclaims in this action.

---

[1] After carefully considering the papers filed in support of and in opposition to IP Global's request, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The Court addressed the relevant history and allegations in its November 14, 2018, Order Granting, In Part, Plaintiff's Motion for Partial Summary Judgment and Denying Defendants' Motion for Partial Summary Judgment ("Order"). (ECF No. 159.) The Court incorporates that discussion here by reference.

On November 5, 2018, the Court held a Pretrial Conference at which all parties appeared and during which the Court discussed trial issues with counsel. (Minutes of Pretrial Conf., ECF No. 139.) Two weeks later, following the Court's Order on the summary judgment motions, the Court heard argument on the parties' motions in limine on November 19, 2018. (Minutes of Mot. Hearing, ECF No. 162.) At this hearing, the Court and counsel conferred again regarding the issues of the case in preparation for trial. (*Id.*) The Court and counsel discussed that the Court's Order on the parties' summary judgment motions further streamlined the issues and claims for trial. (*Id.*) Trial commenced on November 27, 2018. (Minutes of Jury Trial, ECF No. 168.) After a four-day trial on the merits of IP Global's first through sixth causes of action, the Court granted Body Glove's oral Motion pursuant to Federal Rule of Civil Procedure 50 on IP Global's fifth and sixth causes of action. (Minutes of Jury Trial, ECF Nos. 168–171.) The jury then returned a special verdict for Body Glove as to IP Global's first through fourth causes of action. (Jury Verdict, ECF No. 180.)

Following the jury's verdict, and as ordered by the Court, Body Glove submitted a proposed judgment as to IP Global's first through sixth causes of action. (Proposed Judgment, ECF No. 187.) IP Global submitted an "Alternative" Proposed Final Judgment encompassing Body Glove's counterclaims as well, to which Body Glove objects. (ECF Nos. 189, 190.)

The Court also ordered IP Global to advise the Court, in light of the jury's findings as reflected in the Special Verdict form, of IP Global's intentions with respect to its seventh claim for Declaratory Relief. (Minute Order, ECF No. 172.) In response, IP Global now requests the Court "make a final determination on [IP

Global's] equitable Seventh Claim for Relief for Declaratory Relief." (Request 2.) Body Glove opposes. (Opp'n to Pl.'s Request, ECF No. 191.)

### III.    IP GLOBAL'S REQUEST FOR DECLARATORY RELIEF

IP Global seeks a "judicial declaration that its rights in the License Agreement are valid and ongoing, that [IP Global] is in substantial compliance with the License Agreement, and that [Body Glove's] allegations of breach in this lawsuit are without valid legal basis." (Request 2.)

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (quoting 28 U.S.C. § 2201(a) (Declaratory Judgment Act)). Declaratory relief is a remedy, not a cause of action. *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219 (S.D. Cal. 2012) ("Declaratory relief is not an independent cause of action, but instead a form of equitable relief."). In considering whether declaratory relief is appropriate, a court must inquire whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

"[W]hen the right at issue in a declaratory judgment action is completely determined by a jury's verdict on another issue, the declaratory judgment action becomes moot." *Pabban Dev. Inc. v. Sarl*, No. SA CV 10-00533 BRO (RNBx), 2014 WL 12585802, at *2 (C.D. Cal. Aug. 8, 2014). Further, "where legal claims are tried by a jury" and equitable claims are "based on the same facts," in considering the equitable claims "the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." *Los Angeles Police Prot. League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (quoting *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989)); *see also Century Sur. Co. v. Saidan*, No. CV 12-7428 SS, 2016 WL 6440140, at *13 (C.D. Cal. Mar. 16, 2016) ("Where the legal issues are tried first,

the judge cannot ignore the jury's verdict and grant equitable relief inconsistent with the jury's findings. . . . The jury's factual findings on legal causes of action should bind the trial court when determining equitable remedies based on the same facts.") (citation omitted).

Here, the jury returned a special verdict that resolved Plaintiff's first cause of action for breach of the license agreement. Specifically, the jury found IP Global and Body Glove were "parties to the License Agreement," that IP Global did *not* "do all, or substantially all, of the significant things that the License Agreement required it to do," and that IP Global was *not* excused in its nonperformance. (Jury Verdict 1.) Consequently, the relief IP Global seeks has been completely determined by the jury's verdict on IP Global's breach of contract cause of action. As a result, IP Global's seventh claim for declaratory relief is moot. Additionally, IP Global seeks a judicial declaration that IP Global is in substantial compliance with the License Agreement, but this is directly contrary to the jury's special verdict finding that IP Global did not do all or substantially all that the License Agreement required IP Global to do. (*See* Jury Verdict 1.) "[I]t would be a violation of the seventh amendment right to a jury trial for the court to disregard a jury's finding of fact." *Los Angeles Police Prot. League*, 995 F.2d at 1473 (quoting *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991)).

Accordingly, the Court **DENIES** as **MOOT** IP Global's request for a Court Determination of its Seventh Claim for Declaratory Relief. (ECF No. 184.)

### IV. FINAL DISPOSITION OF ALL CLAIMS

As directed, Body Glove submitted a proposed judgment as to IP Global's first through sixth causes of action. (Proposed Judgment.) IP Global then submitted an "Alternative" [Proposed] Final Judgment addressing all claims and counterclaims. (Pl.'s Amended [Proposed] Final Judgment, ECF No. 189.) Body Glove objects to IP Global's Alternative Proposed Judgment as to Body Glove's counterclaims, on the basis that IP Global's recitation of disposition of counterclaims was inaccurate and

incomplete. (Defs.' Objection, ECF No. 190.) For purposes of clarifying the record, the Court delineates the disposition of all claims and counterclaims in this matter.

### A. IP Global's Causes of Action

IP Global brought seven causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional interference with contractual relations against Defendant Marquee Brands, LLC only; (4) intentional interference with prospective economic advantage; (5) intentional interference with contractual relations with sub-licensees; (6) intentional interference with prospective economic advantage with sub-licensees; and (7) declaratory relief. (Complaint 21–30, ECF No. 1; Proposed Pretrial Conference Order ("PPTCO") 1, ECF No. 135-1.) IP Global dismissed its first and second causes of action as to Defendant Marquee Brands, and proceeded with these claims against Defendant Body Glove IP Holdings LP. (PPTCO 1.)

On November 30, 2018, the Court granted Body Glove's oral motion pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law as to IP Global's fifth and sixth causes of action. (Minutes of Jury Trial, ECF No. 171.) That same day, the jury returned a special verdict in favor of Body Glove on IP Global's first through fourth causes of action. (*Id.*; Jury Verdict.)

### B. Body Glove's Counterclaims

Body Glove brought eight counterclaims: (1) breach of the 1988 license agreement; (2) breach of the implied covenant of good faith and fair dealing; (3) injunctive relief; (4) declaratory relief; (5) contributory trademark infringement; (6) infringement of a registered trademark; (7) false designation; and (8) common law trademark infringement. (Am. Answer and Countercl., ECF No. 35; PPTCO 2.)

On October 29, 2018, Body Glove voluntarily dismissed its eighth counterclaim for common law trademark infringement in the PPTCO. (PPTCO 2.) On October 30, 2018, Body Glove withdrew its seventh counterclaim for false designation via a

Notice of Withdrawal. (Notice of Withdrawal of Seventh Countercl., ECF No. 136.) Accordingly, Body Glove's seventh and eighth counterclaims are **DISMISSED**.

On November 14, 2018, the Court granted summary judgment to IP Global as to Body Glove's first counterclaim for breach of the license agreement. (Order 12.)

The Court also granted summary judgment to IP Global on Body Glove's fifth counterclaim for contributory infringement, which Body Glove dismissed rather than oppose IP Global's motion. (Order 17, 19.) Because Body Glove dismissed its counterclaim rather than oppose IP Global's motion, the fifth counterclaim should be dismissed with prejudice. Accordingly, the Court hereby *sua sponte* amends pages 14, 17, and 19 of its November 14, 2018, Order to reflect that Body Glove's fifth counterclaim is **DISMISSED with prejudice**. *See* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering final judgment.").

After a responsive pleading has been served, a claimant may seek voluntary dismissal "only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2), (c). Once a claimant seeks voluntary dismissal, whether dismissal is with or without prejudice resides within the court's discretion. *See Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 Fed. App'x 671, 673 (9th Cir. 2010); *Smith v. Lenches*, 263 F.3d 972, 974, 976 (9th Cir. 2001) ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion."); *see also Hargis v. Foster*, 312 F.3d 404, 409 (9th Cir. 2002) (affirming dismissal with prejudice where plaintiff moved to voluntarily dismiss claims under Rule 41(a)(2) at the summary judgment stage); *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (RZX), 2015 WL 12745842, at *2 (C.D. Cal. Apr. 6, 2015) (dismissing with prejudice where party elected to voluntarily dismiss claims in lieu of opposing motion for summary judgment).

Dismissal with prejudice of Body Glove's fifth counterclaim is appropriate here, particularly considering the late stage of the proceedings, Body Glove's benefit of discovery and opportunity to develop support for its counterclaim, IP Global's investment of resources in defending the litigation, and Body Glove's election to dismiss its fifth counterclaim rather than oppose IP Global's summary judgment motion. Parties should not be permitted to delay until the final hours and dismiss unmeritorious claims without prejudice to "avoid an adverse determination on the merits"; such a dismissal would amount to legal prejudice. *AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 1748011, at *3 (N.D. Cal. Apr. 23, 2013). Accordingly, Body Glove's fifth counterclaim is dismissed with prejudice.

At the November 19, 2018, hearing on the parties' motions in limine, Body Glove agreed that its sixth counterclaim for trademark infringement was no longer viable. (Hearing Transcript Nov. 19, 2018, at 19:12–16, ECF No. 193 ("The Court: And do you disagree with the Court's assessment that only the defendant's second counterclaim for breach of the implied covenant -- Mr. Harris: I do not disagree. I agree that is all that is left on the counterclaim side, Your Honor.") Accordingly, Body Glove's sixth counterclaim is **DISMISSED**.

On November 27, 2018, the first day of trial, in a colloquy on IP Global's motion for "directed verdict," Body Glove confirmed dismissal of its second counterclaim. Because Body Glove dismissed this counterclaim on the first day of trial, Body Glove's second counterclaim is **DISMISSED with prejudice**.

Finally, Body Glove's third and fourth counterclaims for injunctive and declaratory relief are remedies, not independent causes of action. *See Crane-McNab v. Cty. of Merced*, 773 F. Supp. 2d 861, 879 (E.D. Cal. 2011) ("[A]n injunction is merely a remedy and is not a cause of action, a cause of action must exist before injunctive relief may be granted.") (quoting *Lopez v. Wash. Mut. Bank., F.A.*, No. 1:09-cv-1838 AWI JLT, 2010 WL 1558938, at *9 (E.D. Cal. Apr. 19, 2010)); *see Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219 (S.D. Cal. 2012)

("Declaratory relief is not an independent cause of action, but instead a form of equitable relief.").

### V. CONCLUSION

For the reasons above, the Court **DENIES** as **MOOT** IP Global's Seventh Cause of Action for Declaratory Relief. (ECF No. 184.) The Court *sua sponte* amends pages 14, 17, and 19 of its November 14, 2018, Order (ECF No. 159) to reflect that Body Glove's fifth counterclaim is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

January 7, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**