# United States District Court
# Central District of California

IP GLOBAL INVESTMENTS AMERICA, INC.,

    Plaintiff,

v.

BODY GLOVE IP HOLDINGS, LP and MARQUEE BRANDS LLC,

    Defendants.

Case № 2:17-cv-06189-ODW (AGRx)

**ORDER GRANTING MOTION FOR NEW TRIAL [199]**

## I.    INTRODUCTION

In November 2018, the Court presided over a jury trial in this matter that culminated in a special verdict for Defendants. Now pending before the Court is Plaintiff's Motion for New Trial. (Mot. for New Trial ("Mot."), ECF No. 199.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff IP Global Investments America, Inc. ("Plaintiff" or "IP Global") initiated this action against Defendants Body Glove IP Holdings, LP ("BGH") and Marquee Brands, LLC ("Marquee"; collectively "Defendants") in August 2017, asserting breach of license agreement, breach of implied covenant, and tortious interference claims. (Compl., ECF No. 1.) Although Defendant BGH initially counterclaimed against IP Global, by the start of trial, all counterclaims had been dismissed. (Counterclaims, ECF No. 35; *see* Order Den. Pl.'s Seventh Claim for Declaratory Relief 5–7, ECF No. 195.)

In November 2018, this Court presided over a jury trial in this matter. (*See* Min. of Jury Trial, ECF Nos. 168–71.) After four days of evidence and argument, and several hours of deliberation, the jury returned a special verdict for Defendants. (Verdict, ECF No. 180.) The Court subsequently entered Judgment. (Judgment, ECF No. 196.)

Following entry of Judgment, IP Global moved for a new trial pursuant to Federal Rule of Civil Procedure ("Rule") 59, arguing that prejudicial errors tainted the jury's verdict, which was against the clear weight of the evidence. (Mot. 8–9.)

## III. LEGAL STANDARD

Under Rule 59, a district court may grant a new trial, even where a verdict is supported by substantial evidence, if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). "The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam); *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). "However, a district court may not grant a new trial simply because it would have arrived at a different verdict." *Silver Sage*, 251 F.3d at 819.

To establish a miscarriage of justice on the basis of legal error, the error must be reversible error, i.e., one that was prejudicial or that "more probably than not tainted the verdict." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007); *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party."). In assessing the clear weight of the evidence, the district court "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Const. Co., Inc. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987).

### IV. DISCUSSION

IP Global moves for a new trial on the bases of prejudicial error in evidentiary rulings, jury instructions, and the special verdict form, as well as the contention that the jury's verdict was against the clear weight of the evidence. (Mot. 8–9.) The Court finds that there was prejudicial evidentiary error, and thus does not reach IP Global's other arguments. *See Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983) (declining to reach other alleged errors after finding a new trial required).

A new trial is warranted for evidentiary errors only where there is "both error and prejudice." *Geurin v. Winston Indus.*, 316 F.3d 879, 882 (9th Cir. 2002). An error is prejudicial when it "more probably than not[] tainted the jury's verdict." *Id.*; *Engquist*, 478 F.3d at 1009. When reviewing the effect of evidentiary error, courts "begin with a presumption of prejudice . . . [t]hat . . . can be rebutted by a showing that it is more probable than not that the jury would have reached the same verdict even if the evidence had been admitted." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 465 (9th Cir. 2014) (quoting *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010)).

Prior to trial, IP Global filed a motion in limine ("MIL") that sought to exclude evidence of alleged noncompliance with the license agreement that occurred before Defendant Marquee purchased the Body Glove brand in November 2016. (Pl.'s MIL

No. 2, ECF No. 141.) The Court initially reserved ruling, and ultimately granted the MIL, finding evidence of IP Global's pre-Marquee noncompliance irrelevant, unduly prejudicial, and likely to confuse the jury. (*See* Min. of Mot. Hr'g, ECF No. 162 (reserving ruling); Minute Order, ECF No. 183 (granting MIL).) However, at trial, substantial evidence was introduced of IP Global's noncompliance pre-dating Marquee's acquisition and enforcement of the license agreement. Thus, admission of this evidence was error.

The question then becomes whether this error was prejudicial. Undeniably, the answer is yes. Defendants' running theme throughout the trial was IP Global's pervasive and enduring history of noncompliance with the license agreement. Defendants consistently focused the jury's attention on IP Global's pre-Marquee performance, eliciting testimony and documentary evidence specific to that timeframe with each witness. (*See, e.g.*, Decl. of Jason Baim Ex. C, ECF No. 199-1 (Trial Transcript Day Two 60:22–73:15 (questioning Mark Walden, IP Global's owner, about pre-Marquee timeframe)); *id.* Ex. D (Trial Transcript Day Three 52:16–70:22 (questioning Andy Reif, Mr. Walden's business partner, about pre-Marquee timeframe).) Admission of such pre-Marquee evidence allowed Defendants to pile-on years of irrelevant and prejudicial performance history that should have been excluded. This substantial pre-Marquee evidence allowed the jury to conflate pre- and post-Marquee performance, and construe it all together as evidence of IP Global's failure to substantially perform. (*See* Verdict 1 (finding IP Global did not substantially perform).) Thus, inclusion of pre-Marquee evidence more probably than not tainted the jury's verdict, and the evidentiary error was not harmless.

Defendants attempt to rebut this prejudice by pointing to post-Marquee evidence of IP Global's noncompliance with the license agreement's approval process. (*See* Opp'n to Mot. 10–12, ECF No. 203.) Defendants argue these instances are sufficient for the jury to find that IP Global did not substantially perform. But these instances are relatively few in comparison to the weight of pre-Marquee evidence and

effectively serve only to accentuate Defendants' running theme of pervasive noncompliance that began in the pre-Marquee era. Thus, Defendants have not overcome IP Global's showing of prejudice: they have not shown that it is "more probable than not that the jury would have reached the same verdict even if the evidence had [not] been admitted." *Estate of Barabin*, 740 F.3d at 465.

Finally, Defendants argue that IP Global failed to object to the introduction of pre-Marquee evidence during trial, and thus should be barred from raising this as grounds for a new trial. IP Global filed a MIL to exclude pre-Marquee evidence of noncompliance and renewed that motion after opening statements and before the introduction of evidence. Although a contemporaneous objection may have been the better practice, the issue was sufficiently preserved for the purposes of this Motion. Defendants' cited cases do not persuade otherwise. *See Sandoval v. Cty. of Los Angeles*, No. LA CV10-03690-JAK (JCGx), 2013 WL 12080960, at *4 (C.D. Cal. Sept. 6, 2013) (finding plaintiff waived his right to object where he sought admission of certain evidence and challenged only its method of production); *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. CV 15-01893-HRL, 2017 WL 3593369, at *6 (N.D. Cal. Aug. 21, 2017) (addressing failure to object to jury instructions) *appeal docketed*, No. 17-16874 (9th Cir. Sept. 15, 2017).

The Court finds the admission of IP Global's pre-Marquee noncompliance was prejudicial error that more likely than not tainted the jury's verdict. Accordingly, a new trial is required.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for New Trial. (ECF No. 199). The January 7, 2019, Judgment is hereby **VACATED**. (ECF No. 196.) Before setting a new trial date, the Court **REFERS** the parties to a settlement conference in front of Magistrate Judge Alicia G. Rosenberg.

The Court **ORDERS** the parties to meet and confer regarding proposed dates for a settlement conference that work with Judge Rosenberg's calendar. To the extent

dates are available, the parties shall conduct a settlement conference on or before **October 11, 2019**. If, after meeting and conferring and requesting a settlement conference date from Judge Rosenberg, the parties cannot complete the conference within this time frame, they may jointly notify the Court with a proposed date.

**IT IS SO ORDERED.**

August 20, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**